## G. W. HULSE v. S. W. DORSEY.

A party who bid/ for land at a public land sale, is estopped from denying the validity of the sale on the ground that it was land liable to private entry, which he had unsuccessfully applied to the Register and Receiver of the Land Office to enter.

APPEAL from the District Court of the Parish of Tensas, *Farrar*, J.
    *A. Snyder*, for plaintiff and appellant.   *J. P. Farrar*, for defendant.

BUCHANAN, J.   Plaintiff, by petition filed in the District Court of Tensas Parish, on the 6th of June, 1857, demands that patents issued by the General Government to defendant on the 24th November, 1849, for lands adjudicated to the latter at a public sale by the Register and Receiver of the Land Office at Munroe on the 10th July, 1848, be decreed to enure to his (plaintiff's) benefit, and that he recover possession of the land, with damages at the rate of five dollars a year per acre, for its detention.

The ground alleged by the petition for this claim is, that after the land in question had been once offered at public sale, without being sold, and had thereby become liable to private entry, the plaintiff had applied to the Register and Receiver of the Land Office at Monroe, Louisiana, to enter said land, and had been by them refused.   Whereupon, plaintiff had a second time applied to enter said lands, by locating upon them Internal Improvement Land scrip issued by the State of Louisiana, which application was also refused by the said Register and Receiver ; that in violation of plaintiff's rights, the said Register and Receiver offered said lots afterwards at public auction, when the same were adjudicated to defendant, and patents afterwards issued to him for the same ; that plaintiff having complied with all the requirements of law, is equitably entitled to said land.

The answer of defendant alleges that plaintiff was present at the public sale of the lands claimed, by an agent, and bid for the lands in opposition to defendant, to whom, as the last and highest bidder, the land was publicly adjudicated ; that plaintiff then protested against said sale, and appealed to the proper authorities at Washington, who after examining thoroughly the matter, under the advice of the Attorney General of the United States, decided in favor of defendant.   He therefore pleads, first, that plaintiff having bid for the land at the public sale at which it was adjudicated to defendant, is thereby estopped from denying the validity of the sale ; second, that the decision of the authorities at Washington having been invoked by plaintiff in the premises, such decision is final and conclusive against him and has the force of the thing adjudged, and cannot now be disturbed, after an acquiescence of many years by plaintiff in the correctness and finality of such decision.

The facts alleged in the answer are established by sufficient evidence, written and oral, received without objection and constitute, in our opinion, a bar to this action.   We would observe, in reference to the bid made by the agent of plaintiff at the public sale in Monroe, that the said agent declares he made that bid on his own account, and not on account of his principal, the plaintiff.   But the fact of this witness being the agent of plaintiff to enter these lands, is admitted by plaintiff.   The witness declares that he was plaintiff's agent for the purpose of locating Louisiana State land scrip upon these lands.   Under these circumstances, if the

land had been adjudicated to the witness in his own name, we entertain no doubt that the plaintiff would have had a legal right to claim the benefit of the purchase. This bid must, therefore, be viewed as the bid of plaintiff. He cannot be allowed to disavow the acts of his agent for one purpose, while he adopts them for another.

There is no proof of any application on the part of plaintiff to locate his land scrip, except through the witness in question. See the case of *McMasters* v. *Commissioners of the Atchafalaya Bank*, 1st An., p. 11.

Judgment affirmed with costs.

VOORHIES, J., absent.